# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| RALPH L. MARINO,<br><br>Plaintiff,<br><br>v.<br><br>TOWN OF BRANFORD, et al.<br><br>Defendants. | No. 3:17-cv-01828 (MPS) |

## RULING ON APPLICATION FOR TEMPORARY INJUNCTION

On November 1, 2017, Ralph L. Marino filed this lawsuit against the Town of Branford, Thomas F. Mahoney, Shaun Heffernan, Yale New Haven Sponsor Hospital, and Sandy Bogucki, alleging that the defendants deprived him of his livelihood without due process of law. (ECF No. 1 at 3-4). The plaintiff, a firefighter paramedic presently employed by the Town of Branford, currently holds a paramedic license issued by the State of Connecticut; the job requires that the plaintiff hold this license. (*Id.* at 1-2). This license in turn requires a "medical authorization issued by the Yale New Haven Sponsor Hospital." (*Id.* at 2). The plaintiff was ordered by Heffernan, the Assistant Fire Chief for the Town of Branford, to appear before Dr. Bogucki for a hearing concerning his handling of a medical emergency on October 17, 2017. (*Id.*). At the hearing, the plaintiff contends, Dr. Bogucki summarily suspended his medical authorization. (*Id.* at 3). He also alleges that Assistant Chief Heffernan then suspended him with pay pending a termination hearing. (*Id.* at 3).

The plaintiff, in addition to filing his complaint, also filed an application for a temporary injunction[1] "restraining the defendants from revoking his medical certificate or his paramedic license, or from terminating his employment with the Town of Branford without first affording him a full due process hearing as required by the Fourteenth Amendment to the United States Constitution." (ECF No. 1-3 at 1). For the reasons set forth below, the plaintiff's application is DENIED.

**I.    Legal Standard**

"[D]istrict courts may grant a preliminary injunction where a plaintiff demonstrates irreparable harm and meets one of two related standards: either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party." *Otoe-Missouria Tribe of Indians v. New York State Dep't of Fin. Servs.*, 769 F.3d 105, 110 (2d Cir. 2014) (citation and internal quotation marks omitted)). "[T]he court's task when granting a preliminary injunction is generally to restore, and preserve, the status quo ante, *i.e.,* the situation that existed between the parties immediately prior to the events that precipitated the dispute." *Asa v. Pictometry Intern. Corp.*, 757 F. Supp. 2d 238, 243 (W.D.N.Y. 2010). A district court has wide discretion in determining whether to grant preliminary injunctive relief. *Moore v. Consol. Edison Co. of New York, Inc.*, 409 F.3d 506, 510 (2d Cir. 2005).

**II.    Discussion**

    **a.  Claim for Relief**

---

[1] I refer to the relief the plaintiff seeks as a "preliminary injunction" and "temporary injunction" throughout the remainder of this ruling, as Second Circuit decisions use the terms interchangeably. *See, e.g.*, *Checker Motors Corp. v. Chrysler Corp.*, 405 F.2d 319, 324 (2d Cir. 1969) (using "preliminary injunction" and "temporary injunction" interchangeably); *Citibank, N.A. v. Citytrust*, 756 F.2d 273, 275 (2d Cir. 1985) (same).

As an initial matter, the plaintiff appears to have sued the wrong defendants, at least with respect to the request for an injunction preventing the revocation of his medical certificate or paramedic license. The process by which the plaintiff's medical authorization was suspended is governed by § 19a-179-15 of the Regulations of Connecticut State Agencies, as noted in the letter attached to the plaintiff's application. (*See* ECF No. 1-4 at 6 ("For your reference, we have attached to this letter copies of Sec. 19a-179-15 of the state EMS regulations. . . .")). That regulation provides, in relevant part, that: "The commissioner of health services, after a hearing, may issue a written reprimand to, or suspend or revoke a license or certificate of, any emergency medical services provider, or may temporarily or permanently suspend from practice any emergency medical service provider in any case in which he finds that there has been a substantial failure to comply with the requirements established under [various regulations]." *See* Regs. Conn. State Agencies § 19a–179–15. Thus, the party with the power to suspend and revoke the plaintiff's license is the commissioner of health services. The plaintiff does not, however, name the commissioner as a defendant in this action. As a result, the court cannot grant him the relief he seeks with respect to his license

**b. Irreparable Injury**

The plaintiff also does not demonstrate that he will suffer irreparable injury absent the grant of his application. An irreparable injury is "an injury that is not remote or speculative but actual and imminent, and for which a monetary award cannot be adequate compensation." *Dexter 345 Inc. v. Cuomo*, 663 F.3d 59, 63 (2d Cir. 2011). Here, the only injury that the plaintiff claims in his application is the possibility that he could lose his medical certificate or paramedic license, or that his employment could be terminated, without a "full due process hearing as required by the Fourteenth Amendment to the United States Constitution." (ECF No. 1-3 at 1).

Yet the materials attached to the plaintiff's application, along with the state regulations quoted above, suggest that an investigation into the plaintiff's conduct is ongoing. (*See* ECF No. 1-4 at 6 (suspending plaintiff's medical authorization "pending completion of an investigation by the state Office of EMS into whether [the plaintiff's] performance . . . reflects incompetence or negligence, and whether they choose to take action against your paramedic license"), 8 (suspending the plaintiff with pay "pending the outcome of an investigation by both Yale New Haven Sponsor Hospital and [the office of the Fire Chief of Branford] into [the plaintiff's] performance at the incident in question")). The plaintiff does not include any allegations or present any evidence suggesting that his medical certificate or license would be revoked or his employment terminated without the full due process hearing he requests. Indeed, the only harm that has befallen the plaintiff so far is that he has been suspended *with pay* pending the outcome of the investigation. As such, the plaintiff has not demonstrated that he will be irreparably injured unless the Court grants his application for a temporary injunction.

    **c. Younger Abstention**

Finally, the plaintiff's application for a temporary injunction triggers concerns under the *Younger* abstention doctrine. The Supreme Court's ruling in *Younger v. Harris*, 401 U.S. 37 (1971), "exemplifies one class of cases in which federal-court abstention is required: When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution." *Sprint Communications, Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013). This doctrine extends to "particular state civil proceedings that are akin to criminal prosecutions. . . ." *Id.* In particular, the Supreme Court has held that state "civil enforcement proceedings" fall within the ambit of *Younger* abstention. *Id.* at 591. "The *Sprint* Court explained that enforcement actions within this . . . category resemble criminal prosecutions in 'important

4

respects': they 'characteristically . . . sanction the federal plaintiff . . . for some wrongful act'; they are 'routinely' initiated by a state actor; and they are 'commonly' preceded by investigations that culminate in the 'filing of a formal complaint or charges.'" *Mir v. Shah*, 569 F. App'x 48, 51 (2d Cir. 2014), quoting *Sprint*, 134 S.Ct. at 592.

The ongoing state investigation into the plaintiff's conduct of which he complains appears to fall into this category of civil enforcement proceedings. As noted above, materials attached to the plaintiff's complaint refer to an ongoing "investigation by the state Office of EMS into . . . whether [the plaintiff's] performance . . . reflects incompetence or negligence" and note that the state agency may "choose to take action against [the plaintiff's] paramedic license." (ECF No. 1-4 at 6). The plaintiff's medical authorization was suspended pending completion of this investigation. (*Id.*). Hence, these proceedings were initiated by a state actor, have resulted in an investigation that may culminate in a formal charge, and could ultimately result in the sanctioning of the plaintiff for wrongful conduct. The circumstances underlying the plaintiff's case therefore warrant abstention. *See Mir*, 569 F. App'x at 51 (concluding that proceedings for revoking physician's medical license under state law fell under *Younger* abstention); *Doe v. State of Conn., Dept. of Health Services*, 75 F.3d 81, 84 (2d Cir. 1996) (denying claim for declaratory and injunctive relief enjoining ongoing disciplinary proceedings concerning the revocation of plaintiff's medical license due to *Younger* abstention); *Selkin v. State Bd. For Prof'l Med. Conduct*, 63 F. Supp. 2d 397, 398, 401 (S.D.N.Y. 1999) (denying claim for preliminary injunction enjoining State Board for Professional Medical Conduct from revoking plaintiff's license to practice medicine on basis of *Younger* abstention).

In light of these concerns, by **February 16, 2018**, the plaintiff must file a document with the court showing why the complaint, as currently constituted, should not be dismissed under the

*Younger* abstention doctrine. The defendant will then have until **March 2, 2018**, to file a response. There will be no reply briefs. If the plaintiff does not respond to this order, the case will be dismissed.

## III. Conclusion

For the reasons set forth above, the plaintiff's application for a temporary injunction (ECF No. 1-3 at 1) is hereby DENIED. By **February 16, 2018**, the plaintiff must file a document with the court showing why the complaint should not be dismissed in light of the *Younger* abstention concerns expressed above. The defendant will then have until **March 2, 2018**, to file a response. There will be no reply briefs. If the plaintiff does not respond to this order, the case will be dismissed.

IT IS SO ORDERED.

/s/
Michael P. Shea, U.S.D.J.

Dated: Hartford, Connecticut
February 2, 2018